♦
Marquiz Law Office
Professional Corporation
♦

3088 Via Flaminia Court
Henderson, NV 89052
Phone: (702) 263-5533
Fax: (702) 263-5532
Craig A. Marquiz, Esq.
NV Bar #7437

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GREGG OLEWINSKI and RHONDA OLEWINSKI, husband and wife;<br><br>Plaintiff,<br><br>v.<br><br>DISCOUNT TIRE CO., INC., an Arizona corporation; DOES 1 through 100, inclusive; and ROE CORPORATIONS I through 100, inclusive,<br><br>Defendants. | Case No.:<br><br><br><br><br><br>**COMPLAINT &**<br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiffs Gregg Olewinski and Rhonda Olewinski (collectively "Plaintiffs" or "Olewinski"), by and through their counsel of record, Craig A. Marquiz, Esq. of the Marquiz Law Office, P.C., and for their claims against Defendant Discount Tire Co., Inc. ("Discount Tire"), aver and allege as follows:

**JURISDICTION & VENUE**

1. This Court possesses original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise out of Defendant Discount Tire's violations of federal law, including, without limitation, Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. 2000e-2(a)(1), the Civil Rights Act of 1991, 42 U.S.C. 1981a, the Age Discrimination in Employment Act of 1967, 29 U.S.C. 621, *et seq*. ("ADEA"), and the Older Workers Benefit Protection Act of 1990, 29 U.S.C. § 623.

2. This Court also possesses supplemental jurisdiction over Plaintiff's state-law claims pursuant 28 U.S.C. § 1367 as those claims form part of the same case or controversy as the aforementioned jurisdictional granting claims.

3. This Court also has original subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 as Plaintiffs' claims involve parties from different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

4. Venue of this matter is properly before this Court as the underlying employment actions, causes of action and corresponding damages are alleged to have occurred within this forum.

## PARTIES

5. Plaintiffs Gregg Olewinski and Rhonda Olewinski are, and at all material times were, husband and wife, and domiciliaries of Clark County, Nevada.  Although Plaintiff Gregg Olewinski is currently employed by Defendant Discount Tire, he is on long-term disability status as both he and Plaintiff Rhonda Olewinski are undergoing medical and psychological treatment due to stress, anxiety, depression, mental anguish and sleep deprivation they have sustained, and continue to sustain, as a result of Defendant Discount Tire's's disparate and discriminatory employment practices and its retaliation for Plaintiff Rhonda Olewinski's refusal to participate in debaucherous social activities orchestrated by Discount Tire for the wives of Company executives during corporate gatherings and retreats.

6. Defendant Discount Tire is, and at all material times was, an Arizona corporation authorized to do and doing business in Clark County, Nevada, and which caused acts and events to occur within this forum from which Plaintiff's claims arose.

7. Plaintiff Olewinski is informed and believes and thereon alleges that each of the Defendants designated herein as DOES 1 through 100 are the principals, agents, employees, servants or partners of each other or were otherwise acting under the direction and control of Defendant Discount Tire and/or ROE CORPORATIONS 1 through 100, inclusive.  The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 100 and ROE CORPORATJONS 1 through 100, inclusive, are unknown to Plaintiff at this time,

who therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants are ascertained, Plaintiff will seek leave to amend his Complaint to identify the true names and capacities of said Defendants.

## GENERAL ALLEGATIONS

8. Plaintiff fully incorporates herein by reference all allegations contained in paragraphs 1 through 7 of this Complaint.

9. From March 25, 1983 until the present day, Plaintiff Olewinski has been an exemplary employee and manager for Defendant Discount Tire - one whose leadership and community focus over the last thirty-seven (37) years has ultimately led the Company to the financial success it currently enjoys within Nevada (i.e., 16 consecutive years of increased profitability, record-breaking sales, the successful expansion of 5 new stores within the Reno metropolitan area, and the training / development of DT personnel).

10. Throughout his tenure, Plaintiff Olewinski has provided Discount Tire with exemplary management and leadership skills and a Company-first focus which resulted in, among other things, his unprecedented recognition by the Company of multiple performance-based honors and awards.

11. Further, Plaintiff's mentorship of subordinate managers has been instrumental in the development of the Company's next generation of senior-level managers.

12. On May 15, 2019, Mr. Olewinski met with his immediate manager, Discount Tire Senior Vice President Glenn Sutter, to discuss, among other things recent structural changes and Mr. Olewinski's plans for the coming year. During that conversation, however, Mr. Olewinski became very uncomfortable when Mr. Sutter began pressing him for his retirement date. When Mr. Olewinski advised that he had planned on working for another five (5) years (i.e., until age 65), Mr. Sutter became visibly upset.

13. At the July 2019 corporate retreat in Lake Tahoe, Nevada, Mr. Sutter approached Mr. Olewinski and again pressed him for a retirement date. At that time, Mr. Olewinski reiterated his plan to work for another five years (i.e., until age 65) - a response which did not please Mr. Sutter.

14. On October 23, 2019, while attending a quarterly business review meeting at Discount Tire's corporate office in Scottsdale, Arizona, Mr. Olewinski was asked by Discount Tire's then Chief Operating Officer (Ed Kaminski) to meet with him following that meeting. At that time, Mr. Kaminski pulled out two baseball caps from his desk – one which said "Boss" and the other which said "Friend." Mr. Kaminski put on the baseball cap which said "Friend" and began questioning Mr. Olewinski as to his retirement plans and his expected retirement date from the Company. Mr. Olewinski, in response, reiterated his plan to work an additional five years and retire at age 65.

15. On November 22, 2019, after Mr. Olewinski refused to succumb to Discount Tire's repeated inquiries for an earlier retirement date, Mr. Sutter stated (for the first time in over thirty years) that he had concerns with Mr. Olewinski's performance and the Nevada Region. As such, Mr. Sutter demanded that Mr. Olewinski provide him with weekly updates regarding which customers he meets with, the results of those meetings and other daily tasks performed.

16. Although the Nevada region continued to flourish during Mr. Olewinski's management and supervision, the Covid pandemic beginning in March 2020 had nation-wide implications for Discount Tire's operations, including, without limitation, the Nevada Region.

17. Surprisingly, however, on December 1, 2020, Discount Tire demoted Plaintiff Gregg Olewinski following a sham investigation of fabricated charges advanced by a subordinate manager (one who never previously reported any purported "racial slurs" allegedly made by Plaintiff Olewinski at two after-hour corporate events more than nine (9) and eleven (11) years prior, despite repeatedly praising Plaintiff Gregg Olewinski publicly over the years for his guidance, support and leadership) miraculously deemed it appropriate to do so in a desperate attempt to save his own job.

18. Namely, Defendant Discount Tire demoted Plaintiff from his position as the Vice President of the Nevada Region to an Assistant Vice President for the Dallas, Texas region – an employment action resulting in a lower salary and require the relocation of Plaintiffs and their children to the Dallas metropolitan area.

19. Tellingly, despite Mr. Olewinski's repeated requests for details from Discount Tire as to what his specific job duties, responsibilities and performance metrics would entail, Discount Tire has failed, refused and neglected to provide him with any such information – only noting that Discount Tire has high expectations of him; none of which have ever been specified.

20. Tellingly, Defendant Discount Tire, rather than thoroughly investigating the "source" of the information (e.g., the subordinate manager; his racially-charged social media pages and posts; his appalling enlistment of "support" throughout Defendant Discount Tire for his egregious, fabricated claims; and the "motivation" behind his untimely and calculated reporting of the purported racial slurs – namely, so that he could quit the Company, pursue a racial discrimination claim and "go out with a bang"), Discount Tire, upon information and belief, rewarded the subordinate manager with a favorable position – one which allowed him to work from home as a "regional recruiter."

21. In so doing, Discount Tire, implemented its transparent, pretextual plan of demoting and/or terminating older, more senior executives like Plaintiff and replacing them with younger executives in contravention of federal and state employment laws.

22. Notably, other recent casualties of Defendant Discount Tire's age-discrimination practices include Todd Richards (Los Angeles Region), Tim Ehinger (Michigan Region), Jerry Coscarelli (New Mexico Region), John Lejeune (Oklahoma Region), Bill Wrona (San Antonio Region), Jeremy Sprenger (Virginia Region), Jason Henderson (Utah Region), Ron Archer (Indiana Region), Dave Hollister (Washington Region) and Dan Hopf (Dallas Region).

23. Further, Defendant Discount Tire's adverse employment action against Plaintiff also directly contradicted the Company's historical precedent as established by its treatment of other executives, including, without limitation: (a) no discipline for an executive who struck two pedestrians while driving a company vehicle; (b) a minority executive for advancing homophobic slurs during a manager's meeting (vice-president was placed on administrative leave for three (3) weeks and, upon completion of that leave, resumed his executive-level position); and (c) no discipline for an executive who was blamed for causing the suicide of one of his employees.

24. By failing to properly address and squelch the subordinate manager's fabricated claims, Defendant Discount Tire allowed those falsehoods to spread throughout the entire organization. Even more troubling, however, Discount Tire executives egregiously disclosed to Plaintiff Gregg Olewinski's subordinate managers within the Nevada Region that he had been removed from his position due to misconduct, inappropriate verbiage, performance and leadership issues - none of which were true.

25. As a direct, proximate and foreseeable cause of Defendant Discount Tire's egregious conduct, Plaintiff Gregg Olewinski has been defamed and his reputation has been irrevocably tarnished; he has been singled-out by Defendant and branded as a "racist" - an outrageous label that has irreconcilably tarnished Plaintiff's honor, integrity and reputation, and will irrefutably undermine Plaintiff's effectiveness in this Company moving forward.

26. Upon information and belief, Defendant Discount Tire's adverse employment action against Plaintiff Gregg Olewinski was precipitated, in part, based upon Discount Tire's retaliation for Plaintiff Rhonda Olewinski's refusal to participate in debaucherous social events orchestrated by Discount Tire

27. As a direct, proximate and foreseeable cause of Defendant Discount Tire's egregious conduct, Plaintiffs Gregg and Rhonda Olewinski have both been plagued by stress, anxiety, depression, mental anguish and sleep deprivation since Gregg Olewinski was placed on leave and the sham investigation commenced. Notably, both Plaintiffs have received, and for the immediate further, continue to receive, medical treatment, therapy and counseling.

28. Further, as a direct, proximate and foreseeable cause of Defendant's conduct, Plaintiffs have been required to retain the services of an attorney to pursue their affirmative claims for relief and, therefore, are entitled to reasonable attorney's fees and costs incurred in the prosecution of this action, plus, post-judgment attorney's fees and costs.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

29. Plaintiff Gregg Olewinski exhausted all available administrative remedies as a precursor to instituting the instant civil action.

. . .

30. Notably, following his demotion and within the time provided by applicable law and regulation, Mr. Olewinski filed a formal complaint with the Nevada Equal Rights Commission ("NERC") and the Equal Employment Opportunity Commission ("EEOC").

31. In that complaint, Mr. Olewinski averred, among other things, that he was wrongfully demoted by Defendant Discount Tire based upon age and racial discrimination grounds.

32. On July 14, 2021, the EEOC issued a Notice of Right to Sue letter.

33. This action has been timely filed within ninety (90) days of Plaintiff Gregg Olewinski's receipt of the EEOC's notice of final agency administrative action and, thus, is ripe for adjudication.

**FIRST CAUSE OF ACTION**
**(Declaratory & Injunctive Relief)**

34. Plaintiffs fully incorporate herein by reference all allegations contained in paragraphs 1 through 33 of this Complaint.

35. Defendant Discount Tire, among other things: (a) wrongfully demoted Plaintiff Gregg Olewinski on pretextual grounds; (b) wrongfully disclosed (through its then Chief Operating Officer Ed Kaminski and Senior Vice President Kevin Easter), and allowed others to disseminate, malicious statements throughout the Company regarding the fabricated reasons for his demotion (e.g., misconduct, inappropriate verbiage, performance and leadership issues); and (c) branded him a "racist" - an outrageous label that has irreconcilably tarnished Plaintiff's honor, integrity and reputation, and will irrefutably undermine Plaintiff's effectiveness in this Company moving forward; and (d) placed erroneous information in his employment file.

36. Plaintiff Gregg Olewinski, prior to initiating his complaint with NERC and the EEOC, demanded that Discount Tire: (a) immediately reinstate him to the position he previously occupied prior to Defendant's rogue employment action (i.e., as the Vice President of the Nevada Region); (b) pay him for all wages from December 1, 2020 until his reinstatement at the Vice President level rather that at the Assistant Vice President level; (c) issue a written apology for the errant employment action and demotion; and (d) disseminate a Company-wide communication notifying all personnel within Discount Tire of the errant employment action taken, the

1  Company's written apology to Mr. Olewinski and the validation / rehabilitation of him as a long-
2  standing, valued employee, colleague and friend; and (e) monetary damages to compensate him
3  for the defamatory statements and harm to his impeccable reputation.
4        37.      Defendant Discount Tire rejected Mr. Olewinski's demand and contends that it is
5  not obligated to perform any of the requested tasks.
6        38.      Therefore, a justiciable controversy exists between the parties.
7        39.      The parties' respective interests are adverse to one another.
8        40.      Plaintiff Gregg Olewinski has a legally protectable interest in the outcome of this
9  Court's resolution of said dispute.
10       41.      This issue is ripe for adjudication.
11       42.      As a direct, proximate and foreseeable cause of Defendant Discount Tire's
12 egregious conduct, Plaintiff Gregg Olewinski seeks an Order from this Court compelling
13 Defendant Discount Tire to: (a) immediately reinstate him to the position he previously occupied
14 prior to Defendant's rogue employment action (i.e., as the Vice President of the Nevada Region);
15 (b) pay him for all wages from December 1, 2020 until his reinstatement at the Vice President
16 level rather that at the Assistant Vice President level; (c) issue a written apology for the errant
17 employment action and demotion; and (d) disseminate a Company-wide communication
18 notifying all personnel within Discount Tire of the errant employment action taken, the
19 Company's written apology to Mr. Olewinski and the validation / rehabilitation of him as a long-
20 standing, valued employee, colleague and friend; (e) award monetary damages to compensate
21 him for the defamatory statements and harm to his impeccable reputation; (f) accrued and
22 accruing interest on both sums at the maximum rate allowed by law from the date of Defendant
23 Discount Tire's rogue employment action; (g) Plaintiff Gregg Olewinski's reasonable attorney's
24 fees and costs pursuant to, without limitation, NRS 608.140; and (h) all such other and further
25 relief as this Court deems just and proper, including, without limitation, statutory penalties and
26 post-judgment attorney's fees and costs.
27       43.      Plaintiff further seeks an Order from this Court: (I) declaring that Discount Tire's
28 actions in demoting Mr. Olewinski were improper and unjust; (j) compelling Discount Tire to

1  remove all adverse information in and documentation from Mr. Olewinski's employment file;
2  and (k) declare that Discount Tire engaged in employment practices which discriminated against
3  Mr. Olewinski on the basis of his race and age, and contrary to public policy.

### SECOND CAUSE OF ACTION
### (Employment Discrimination - Race)

6  44.  Plaintiffs fully incorporate herein by reference all allegations contained in
7  paragraphs 1 through 43 of this Complaint.

8  45.  Plaintiff Gregg Olewinski, a Caucasian male, is member of a protected class.

9  46.  Defendant Discount Tire maliciously and/or recklessly discriminated against
10 Mr. Olewinski on the basis of his race by demoting him on the pretense of racial slurs that
11 he allegedly made over nine (9) and eleven (11) years ago at after-hour social events following
12 corporate retreats (events where the subordinate manager was not even present nor were the
13 statements ever made / uttered by Mr. Olewinski) and that were advanced by the subordinate
14 manager so that he could save his own job.

15 47.  Defendant Discount Tire's rogue employment action against Mr. Olewinski is
16 contrary to Discount Tire's treatment of other senior executives, not of Mr. Olewinski's protected
17 class, who were treated differently (i.e., not demoted or otherwise ostracized by the Company)
18 for allegedly uttering disparaging comments.

19 48.  Notably, Mr. Olewinski was singled-out, discriminated against and treated
20 differently than his minority executive counterparts in violation of the terms and conditions of his
21 employment, Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of
22 1991, and equivalent law from the State of Nevada.

23 49.  As a direct, proximate and foreseeable cause of Discount Tire's egregious
24 conduct, Mr. Olewinski has sustained, and continues to incur, compensatory damages in amounts
25 to be established at trial, but which include, without limitation, inconvenience, injury to his
26 professional standing, and damage to his character and reputation.

27 . . .
28 . . .

50. Further, Defendant Discount Tire's conduct was, and is, evil, intentional, grossly improper, and performed with a conscious disregard for Plaintiff Gregg Olewinski's rights and, as a result, Mr. Olewinski is entitled to an award of punitive damages.

### THIRD CAUSE OF ACTION
### (Employment Discrimination - Age)

51. Plaintiffs fully incorporate herein by reference all allegations contained in paragraphs 1 through 50 of this Complaint.

52. Mr. Olewinski, who was 59 years old at the time of his demotion, was a member of a protected class.

53. Defendant Discount Tire maliciously and/or recklessly discriminated against Mr. Olewinski on the basis of his age in violation of the terms and conditions of his employment, the ADEA of 1967, 28 U.S.C. § 621, the Older Workers Benefit Protection Act of 1990, 29 U.S.C. § 623, and equivalent law from the State of Nevada.

54. Notably, Defendant Discount Tire failed to apply or otherwise follow the Company's stated policies regarding, among other things, conducting a fair and complete investigation; and, due to his age, Discount Tire subjected Mr. Olewinski to harsh and unreasonable standards not previously applied by the Company when it addressed identical issues and reached inconsistent results.

55. As a direct, proximate and foreseeable cause of Discount Tire's egregious conduct, Mr. Olewinski has sustained, and continues to incur, compensatory damages in amounts to be established at trial, but which include, without limitation, inconvenience, injury to his professional standing, and damage to his character and reputation.

56. Further, Defendant Discount Tire's conduct was, and is, evil, intentional, grossly improper, and performed with a conscious disregard for his rights and, as a result, Mr. Olewinski is entitled to an award of punitive damages.

### FOURTH CAUSE OF ACTION
### (Defamation)

57. Plaintiffs fully incorporate herein by reference all allegations contained in paragraphs 1 through 56 of this Complaint.

58. Defendant Discount Tire's statements, including, without limitation, the remarks communicated by Defendant to Mr. Olewinski's subordinate managers within the Nevada Region (e.g., that Mr. Olewinski had been removed from his position due to misconduct, inappropriate verbiage, performance and leadership issues) and branding him a "racist" were, and are, false and defamatory statements of fact that were intentionally, recklessly, carelessly and/or negligently published to third parties.

59. Defendant Discount Tire's executives knew, or reasonably should have known, that their statements were false when made, they acted with reckless disregard of these matters and/or negligently failed to ascertain the truth of said statements before they were communicated throughout the organization and to third-parties outside of the Discount Tire community, including, without limitation, Mr. Olewinski's colleagues and long-standing customers.

60. These statements lowered Mr. Olewinski's reputation and standing within the community at large, excited derogatory opinions about him, and have held him in contempt within and outside of the Discount Tire community, with colleagues, clients and friends.

61. The Discount Tire's executives statements, made within the scope and course of their employment and communicated on behalf of Discount Tire, constituted an unprivileged publication to a third-party.

62. Defendant Discount Tire's executives knew that their statements were false when made or, alternatively, said executives acted with a reckless disregard for their veracity. Alternatively, the cumulative evidence of negligence, motive and intent establishes that Defendant Discount Tire, through its duly authorized agents and representatives, acted recklessly or maliciously.

63. Defendant Discount Tire's statements were per se defamatory and, as such, Plaintiffs' damages are presumed and award of punitive damages is appropriate.

64. Alternatively, Defendant Discount Tire's defamatory statements caused Plaintiff Gregg Olewinski special harm, including, without limitation, emotional distress and mental anguish, and the precise nature and amount of Mr. Olewinski's compensatory damages are not

. . .

now known and cannot be currently ascertained, but which exceed the jurisdictional minimum of this Court and will be established at trial.

65. Further, as a direct, proximate and foreseeable cause of Defendant's defamatory statements, Plaintiff Rhonda Olewinski lost the love, affection, protection, support, services, companionship, care, society and sexual relations of her husband, all of which warrant an award of damages.

66. Moreover, as a direct, proximate and foreseeable cause of Defendant's conduct, Plaintiffs have been forced to retain the services of an attorney and, as such, are entitled to a recovery of their reasonable attorney's fees and costs.

### FIFTH CAUSE OF ACTION
### (False Light - Invasion of Privacy)

67. Plaintiffs fully incorporate herein by reference all allegations contained in paragraphs 1 through 66 of this Complaint.

68. Defendant Discount Tire's statements, including, without limitation, the remarks communicated by Defendant to Mr. Olewinski's subordinate managers within the Nevada Region (e.g., that Mr. Olewinski had been removed from his position due to misconduct, inappropriate verbiage, performance and leadership issues) and branding him a "racist" placed Mr. Olewinski in a false light within the community and, by so doing, invaded his privacy.

69. The false light was, and is, highly offensive to a reasonable person.

70. Moreover, Discount Tire's executives had knowledge of, or otherwise acted in reckless disregard as to, the falsity of the publicized matters and the false light in which Mr. Olewinski would be, and was, in fact, placed.

71. Defendant Discount Tire's conduct was reprehensible, intolerable and outrageous and evinces that Defendant's authorized representatives, while acting within the scope and course of their employment, acted intentionally, knowingly, wilfully, recklessly, maliciously and with an evil mind. Consequently, an award of punitive damages is appropriate.

72. Alternatively, Defendant Discount Tire's defamatory statements caused Plaintiff Gregg Olewinski special harm, including, without limitation, emotional distress and mental anguish, and the precise nature and amount of Mr. Olewinski's compensatory damages are not

now known and cannot be currently ascertained, but which exceed the jurisdictional minimum of this Court and will be established at trial.

73. Further, as a direct, proximate and foreseeable cause of Defendant's highly offensive statements and placement of Plaintiff Gregg Olewinski in a false light, Plaintiff Rhonda Olewinski lost the love, affection, protection, support, services, companionship, care, society and sexual relations of her husband, all of which warrant an award of damages.

74. Further, as a direct, proximate and foreseeable cause of Defendant's conduct, Plaintiffs have been forced to retain the services of an attorney and, as such, are entitled to a recovery of their reasonable attorney's fees and costs.

## SIXTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**

75. Plaintiffs fully incorporate herein by reference all allegations contained in paragraphs 1 through 74 of this Complaint.

76. Defendant Discount Tire's conduct was extreme and outrageous. Specifically, the offending statements were so outrageous in character, and so extreme in degree, they went beyond all possible bounds of decency, were atrocious, and utterly intolerable for a civilized community.

77. Defendant Discount Tire's statements were made with either the intention of, or reckless disregard for, causing Plaintiffs Gregg and Rhonda Olewinski emotional distress.

78. As a direct, proximate and foreseeable cause of Defendant Discount Tire's egregious conduct, Plaintiffs Gregg Olewinski and Rhonda Olewinski (who witnessed the extreme and outrageous acts), suffered severe and extreme emotional distress, including, without limitation, depression, anxiety, stress, public shame, frustration, concern, and the necessity of having to resort to a lawsuit.

79. Based upon the egregiousness of Defendant Discount tire's conduct, Plaintiffs damages are presumed and an award of punitive damages is appropriate.

80. Alternatively, although the precise nature and amount of Plaintiffs' compensatory damages are not now known and cannot currently be ascertained, they exceed the minimum jurisdictional amount and will be proved at trial.

81. Further, as a direct, proximate and foreseeable cause of Defendant's egregious conduct and defamatory statements, Plaintiffs Gregg Olewinski and Rhonda Olewinski lost the love, affection, protection, support, services, companionship, care, society and sexual relations of one another, all of which warrant an award of damages.

### SEVENTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

82. Plaintiffs fully incorporate herein by reference all allegations contained in paragraphs 1 through 81 of this Complaint.

83. Defendant Discount Tire's statements were negligently or carelessly made and uttered without regard for the adverse effect they would have on Plaintiffs' emotional status.

84. As a direct, proximate and foreseeable cause of Defendant Discount Tire's conduct, Plaintiffs Gregg Olewinski and Rhonda Olewinski (who witnessed the egregious statements being advanced and the effect they had on her husband) suffered emotional distress, including, without limitation, depression, anxiety, stress, public shame, frustration, concern, and the necessity of having to resort to a lawsuit.

85. Although the precise nature and amount of Plaintiffs' compensatory damages are not now known and cannot currently be ascertained, they exceed the minimum jurisdictional amount and will be proved at trial.

### JURY DEMAND

Plaintiffs demand a trial by jury on all claims asserted herein.

**WHEREFORE**, Plaintiffs pray for Judgment in their favor and against Defendant Discount Tire on the claims asserted in this Complaint as follows:

A. A judicial declaration compelling Discount Tire to: (1) immediately reinstate Plaintiff Gregg Olewinski to the position he previously occupied prior to Defendant's rogue employment action (i.e., as the Vice President of the Nevada Region); (2) pay Mr. Olewinski for all wages from December 1, 2020 until his reinstatement at the Vice President level rather that at the Assistant Vice President level; (3) issue a written apology for the errant employment action and demotion; and (4) disseminate a Company-wide communication notifying all personnel

within Discount Tire of the errant employment action taken, the Company's written apology to Mr. Olewinski and the validation / rehabilitation of him as a long-standing, valued employee, colleague and friend.

B.  A judicial declaration: (5) holding that Discount Tire's actions in demoting Mr. Olewinski were improper and unjust; (6) compelling Discount Tire to remove all adverse information in and documentation from Mr. Olewinski's employment file; and (7) declaring that Discount Tire engaged in employment practices which discriminated against Mr. Olewinski on the basis of his race and age, and contrary to public policy;

C.  For compensatory / monetary damages in an amount to be proven at trial;

F.  For punitive damages according to proof at trial;

E.  For pre-judgment interest on all such sums;

F.  For Plaintiff's reasonable attorney's fees and taxable costs, including, without limitation, those attorney's fees and costs incurred herein; and

G.  For all such other and further relief as this Court deems just and proper under the circumstances, including, without limitation, post-judgment attorney's fees and costs.

Dated this 31st day of August, 2021

♦
Marquiz Law Office
Professional Corporation
♦

By: /s/ Craig A. Marquiz, Esq.
Craig A. Marquiz, Esq.
3088 Via Flaminia Court
Henderson, NV 89052
Attorney for Plaintiff